IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CALVIN JOPPY,
     Plaintiff,

vs.                           Case No.: 3:17cv194/LAC/EMT

UNITED STATES,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se and seeking to proceed in forma pauperis, commenced this case by filing a civil action pursuant to Rule 60(b)(6) of the Federal Rules and 28 U.S.C. § 1331 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this case should be dismissed because Plaintiff has not stated, and cannot state, a viable claim.

I.    BACKGROUND

Plaintiff's complaint is aimed at attacking an order of the United States Court of Appeals for the Federal Circuit (ECF No. 1 at 1, 15). On May 10, 2016, the Federal Circuit Court had affirmed the judgment of the United States Court of Federal Claims

in Case No. 1:15-cv-00536-EDK, dismissing Plaintiff's civil complaint for back pay

under the Tucker Act as barred under the applicable statute of limitations.  After this

affirmance, Plaintiff filed additional motions such as a petition for rehearing en banc,

a motion to recall the mandate, and two letters which the Federal Circuit Court

construed as motions for reconsideration (*id.* at 15–18).  Most recently, in January

2017, Plaintiff filed a "Motion to Reopen or Recall" with the Federal Circuit (*see*

Joppy v. United States, No. 16-1329 (Fed. Cir.) (ECF No. 46)).

Plaintiff acknowledges the statute of limitations issue in his complaint as well

as a procedural issue he addressed in his previous case involving the substitution of

counsel by the defendant in that case.  In the instant case, he essentially seeks review

of the decisions made by the Federal Claims Court and Federal Circuit Court, and

relief from the judgment entered against him.

II.     DISCUSSION

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the

case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Dismissals for failure to

state a claim are governed by the same standard as Federal Rule of Civil Procedure

12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a

factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

It is apparent from the face of Plaintiff's complaint that, under principles of federal comity, this court should abstain from considering Plaintiff's claims. This doctrine of federal comity permits a district court to decline jurisdiction over an action when the same parties and issues have already been filed in another district. "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F. 3d 1132,

1135 (11th Cir. 2005).  Under the first-filed rule, when two parallel actions are filed in separate courts, "the court initially seized of the controversy should hear the case." Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F. 3d 71, 78 (11th Cir. 2013).  The rule seeks to avoid wasteful duplication of judicial resources, to avoid piecemeal decision-making, and to avoid rulings which may conflict or intrude upon the authority of sister courts.  *See* Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp., 665 F. 3d 671, 678 (5th Cir. 2011).  Thus, there is a strong presumption favoring the forum of the first-filed suit.  Manuel, 430 F.3d at 1135.

In this case, the two cases clearly cover the same legal terrain; in fact, Plaintiff essentially seeks in this case to directly review, overturn, or otherwise affect those decisions made in the federal district and appellate courts.  This situation is akin to the one addressed by the Rooker-Feldman doctrine,[1] which bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010).  As a court of original jurisdiction, a federal district court lacks appellate jurisdiction over the orders of

---

[1] The Rooker-Feldman doctrine derives from two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

another court.  In sum, stated in terms of the first-filed rule, it is clear that the Federal

Claims Court and Federal Circuit Court first received this case and has indeed

appeared to have terminated proceedings against Plaintiff (ECF No. 1 at 15–19).  For

this court to now intercede would be duplicative, intrusive, and beyond the authority

of the court.  Because Plaintiff's claims do not—and cannot—state a claim upon

which relief may be granted, amendment would clearly be futile.  Therefore, the court

should dismiss this case without allowing or encouraging amendment.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.    That this cause be **DISMISSED** without prejudice under 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.    That this dismissal be deemed a "strike" for purposes of 28 U.S.C.

§ 1915(g).

3.    The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 13th day of April 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.